# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SHARON WILLIAMS-COMBS, <br><br> Defendant. | 8:17CR40 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on defendant Sharon Williams-Combs's ("Williams-Combs") oral Motion for Judgment of Acquittal on Counts I, II, III, IV, V, VI, VII, VIII, X, XI, XIII, and XIV of the Indictment. *See* Fed. R. Crim. P. 29. In accordance with the Court's Order dated April 6, 2018 (Filing No. 69), Williams-Combs and the government each provided written briefs. For the reasons stated below, Williams-Combs's Motion is granted in part and denied in part.

## I. BACKGROUND

On February 22, 2017, Williams-Combs was charged with fourteen counts of willfully aiding or assisting in the preparation or presentation of a false or fraudulent tax return in violation of 26 U.S.C. § 7206(2). Those counts related to Williams-Combs's preparation of tax returns for Denesha Lockett ("Lockett"), Latonya Ashley ("Ashley"), Shayla Irvin ("Irvin"), Queeny McMillian ("McMillian"), Laquante Maxwell ("Maxwell"), and Naquieta Harper ("Harper"). At trial on those charges, each of those six women testified for the government.

Based on what the government saw as some gaps or inconsistencies in that trial testimony, the government sought to admit unsworn statements the witnesses had previously made to investigators about their income and expenses and the documentation they provided to Williams-Combs. The government argued the witnesses should be

considered "unavailable" as witnesses under Federal Rule of Evidence 804(a)(3) because they testified to having trouble remembering some key facts. The Court sustained Williams-Combs's objection to the government's use of those prior statements as substantive evidence but permitted the government to present prior statements from McMillian, Ashley, Irvin, and Lockett as impeachment evidence. The Court instructed the jury to consider that evidence not as proof of the facts at issue but only to assist in determining witness credibility.

The government also presented evidence from two Internal Revenue Service ("IRS") investigators, Special Agent Adam Mulari ("Agent Mulari") and Special Agent Erika Harris ("Agent Harris"), and from IRS tax expert Kristy Morgan. During the direct examination of Agent Harris, the government played an audio recording of Agent Harris's undercover interaction with Williams-Combs. Agent Harris, who had posed as a taxpayer seeking tax preparation services from Williams-Combs, testified Williams-Combs told her how she could increase her return with the Earned Income Tax Credit ("EITC") by adding income from a personal business. Agent Harris explained Williams-Combs then amended an accurate return to include a false Schedule C form and additional personal-business income Williams-Combs knew Agent Harris had not received.

The jury also heard testimony from Diane Lamb ("Lamb"), a representative of the company where Williams-Combs worked at the time she prepared the tax returns listed in the indictment. Lamb testified about the company's operating procedures and the training Williams-Combs received. She also testified the company's records did not contain documentation of the income and expenses claimed on the tax returns Williams-Combs prepared that were listed in the indictment.

At the close of the government's case in chief, Williams-Combs moved for a judgment of acquittal on all charges. *See* Fed. R. Crim. P. 29(a). The Court reserved

decision on the motion, and the case went to the jury. On April 6, 2018, the jury found Williams-Combs guilty on all counts. Except as to counts IX and XII, for which she conceded there was sufficient evidence, Williams-Combs renewed her motion for judgment of acquittal under Rule 29(c), arguing the evidence was insufficient to convict her on the remaining counts. The Court permitted the parties to brief the issues. They have done that, and this matter is ready for decision.

## II. DISCUSSION

### A. Standard of Review

Rule 29(a) requires the Court to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." "Evidence supporting a conviction is sufficient 'if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Boesen*, 491 F.3d 852, 856 (8th Cir. 2007) (quoting *United States v. Weston*, 4 F.3d 672, 674 (8th Cir. 1993)).

In considering such a motion, "the district court has 'very limited latitude.'" *United States v. Pardue*, 983 F.2d 843, 847 (8th Cir. 1993) (quoting *United States v. Jewell*, 893 F.2d 193, 194 (8th Cir. 1990)). The Court does "not weigh the evidence or assess the credibility of witnesses; that is the province of the jury." *United States v. White*, 794 F.3d 913, 918 (8th Cir. 2015). "The fact that key testimony was provided by cooperating [witnesses] does not undermine the sufficiency of the evidence, as the jury is presumed to take that fact into consideration when determining the credibility of the witnesses." *United States v. Peebles*, 883 F.3d 1062, 1068 (8th Cir. 2018).

"Jury verdicts are not lightly overturned." *United States v. Hood*, 51 F.3d 128, 129 (8th Cir. 1995). "If evidence consistent with guilt exists, [the Court] will not reverse simply because the facts and circumstances may also be consistent with some innocent explanation." *United States v. Lundstrom*, 880 F.3d 423, 436 (8th Cir. 2018); *accord United States v. Burks*, 934 F.2d 148, 151 (8th Cir. 1991) ("If the evidence rationally

3

supports two conflicting hypotheses, the reviewing court will not disturb the conviction."). "Evidence supporting conviction 'need not preclude every outcome other than guilty.'" *United States v. Pierson*, 544 F.3d 933, 938 (8th Cir. 2008) (quoting *United States v. Ramirez*, 362 F.3d 521, 524 (8th Cir. 2004)). "A conviction will be reversed only if, after viewing the evidence most favorably to the verdict and giving the government the benefit of all reasonable inferences, no construction of the evidence supports the jury's verdict." *United States v. Worman*, 622 F.3d 969, 977 (8th Cir. 2010).

B. **Sufficiency of the Evidence**

To convict Williams-Combs of violating § 7206(2), the government had to prove "three essential elements: (1) the defendant aided, assisted, procured, counseled, advised or caused the preparation and presentation of a return; (2) the return was fraudulent or false as to a material matter; and (3) the act of the defendant was willful." *United States v. Ali*, 616 F.3d 745, 755 (8th Cir. 2010). Proving the defendant acted willfully "requires proof of a specific intent to do something which the law forbids; more than a showing of careless disregard for the truth is required." *United States v. Morris*, 723 F.3d 934, 941 (8th Cir. 2013) (quoting *United States v. Kouba*, 822 F.2d 768, 773 (8th Cir. 1987)). "But willfulness can be demonstrated circumstantially, such as by showing a pattern of inflated deductions for clients." *Id.*; *accord United States v. Henderson*, 416 F.3d 686, 692 (8th Cir. 2005) ("Intent frequently cannot be proven except by circumstantial evidence; the determination often depends on the credibility of witnesses, as assessed by the factfinder.").

In this case, Williams-Combs argues "[t]he government failed to produce any substantive evidence that Ms. Williams-Combs willfully aided or assisted in the preparation of a false or fraudulent income tax return in respect to" McMillian, Ashley, Irvin, and Lockett. According to Williams-Combs, the evidence at trial showed that each of those witnesses "worked with Ms. Williams-Combs to truthfully and accurately summarize their small business earnings and expenses and that they did (at the time of

4

filing) and do (at the time of trial) hold their statements as true." Given what she calls an "absolute lack of substantive evidence" of fraud, Williams-Combs contends "[t]his Court cannot abide a verdict by a jury that so clearly relied upon impeachment evidence as evidence of a fact."

The Court rejects Williams-Combs's contention that the jury disregarded this Court's limiting instruction and treated the government's impeachment evidence as substantive evidence. "The Court presumes that jurors, conscious of the gravity of their task, attend closely the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them." *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985). Williams-Combs has not persuaded the Court to abandon "the almost invariable assumption of the law that jurors follow their instructions." *Richardson v. Marsh*, 481 U.S. 200, 206 (1987) ("The rule that juries are presumed to follow their instructions is a pragmatic one, rooted less in the absolute certitude that the presumption is true than in the belief that it represents a reasonable practical accommodation of the interests of the state and the defendant in the criminal justice process.").

That is not to say, however, that all of Williams-Combs's underlying sufficiency arguments are unfounded. The Court agrees with Williams-Combs that the substantive evidence of her guilt on counts related to tax returns prepared for Lockett, Ashley, and Irvin was lacking. Despite various memory lapses (some natural, some apparently chemically induced), those witnesses all testified they provided assorted information about and documentation of their income and expenses to Williams-Combs to aid in preparing their tax returns and that they believed the amounts listed on those returns were consistent with and accurately reflected those records.

The government acknowledges these witnesses' trial testimony undermined its case against Williams-Combs but maintains it impeached that testimony through Agent

5

Mulari's discussion of the witnesses' prior inconsistent statements about Williams-Combs's fraudulent preparation of their tax returns. According to the government, "[t]he jury clearly did not believe their testimony on the stand" and disregarded it, instead relying "on the other evidence in support of their guilty verdicts." *See*, *e.g.*, *United States v. Fairchild*, 819 F.3d 399, 407-08 (8th Cir. 2016) ("A jury is free to believe or reject a witness's testimony in part or in whole." (quoting *United States v. Close*, 518 F.3d 617, 620 (8th Cir. 2008))).

In particular, the government highlights evidence regarding (1) Williams-Combs's training and experience as well as her knowledge of the EITC and how to maximize a taxpayer's return; (2) the lack of independent documentation to prove the taxpayers' respective income and expenses; (3) Agent Harris's undercover operation and Williams-Comb's actions to increase her return by manipulating the numbers and creating a Schedule C; (4) the witnesses' unfamiliarity with the EITC and how it works; and (5) the unlikely coincidence of each taxpayer maximizing her return under the EITC. The government also notes that Maxwell indicated McMillian recruited clients for Williams-Combs and took part of her refund as a fee, implicating McMillian and Williams-Combs in fraud. According to the government, "[w]hen looking at all of the evidence presented to jury and assessing how the jury treated the testimony of Lockett, Ashley, Irvin, and McMillian, there was sufficient evidence to support the verdict as to" all of the challenged counts. The Court disagrees.

With the exception of the counts based on tax returns Williams-Combs prepared for McMillian (Counts VII, XIII, and XIV), which are supported by additional substantive evidence of fraudulent activity, the Court finds the evidence was insufficient to find Williams-Combs guilty beyond a reasonable doubt of willfully aiding or assisting in the preparation or presentation of false or fraudulent income tax returns for Lockett, Ashley, and Irvin (Counts I, II, III, IV, V, VI, VIII, X, and XI). *See*, *e.g.*, *United States v. Marshall*, 92 F.3d 758, 760 (8th Cir. 1996) ("Evidence is sufficient to sustain a

conviction if, viewed in the light most favorable to the government, it offers *substantial support* for the verdict.") (emphasis added). The government is correct that the jury was free to discredit and disregard the witnesses' testimony that their returns were honest and accurate. The Court leaves those credibility determinations to the jury. *See White*, 794 F.3d at 918.

But the possibility that the jury discredited some of the government's fact witnesses does not relieve the government of its burden of adducing sufficient substantive evidence to prove beyond a reasonable doubt that the tax returns charged in the indictment were "fraudulent or false as to a material matter" and that Williams-Combs knew it when she prepared the returns.[1] *Ali*, 616 F.3d at 755. Evidence is not sufficient to support a conviction unless a reasonable jury could find the government proved every essential element "of the crime beyond a reasonable doubt." *Boesen*, 491 F.3d at 856 (quoting *Weston*, 4 F.3d at 674. Most of the evidence the government cites goes more to willfulness than to whether the actual returns at issue were false or fraudulent. *See Morris*, 723 F.3d at 941. The government has shown Williams-Combs is capable of preparing a false or fraudulent tax return, but to convict on a particular count, it must show the tax return underlying that count was false or fraudulent.

Even viewing the circumstantial evidence in this case in the light most favorable to the guilty verdicts "and giving the government the benefit of all reasonable inferences" that can logically be drawn from the limited evidence adduced at trial, *Worman*, 622 F.3d at 977, the government has not met its burden of proof on Counts I, II, III, IV, V, VI, VIII, X, and XI. Accordingly,

---

[1] The Court instructed the jury in this case that "A statement or matter is 'false' if it is untrue when made and known to be untrue when made" and "is 'fraudulent' if it is made with intent to deceive." *See, e.g.*, *United States v. Stover*, 650 F.3d 1099, 1108 (8th Cir. 2011).

IT IS ORDERED:

1. Defendant Sharon Williams-Combs's Motion for Judgment of Acquittal under Rule 29(c) is granted as to Counts I, II, III, IV, V, VI, VIII, X, and XI of the indictment and denied as to Counts VII, XIII, and XIV of the indictment.

2. The jury's guilty verdicts on Counts I, II, III, IV, V, VI, VIII, X, and XI of the indictment are set aside and a judgment of acquittal is entered on those counts.

3. Sentencing on Counts VII, IX, XII, XIII, and XIV is scheduled for July 6, 2018, at 2:00 p.m.

Dated this 3rd day of May, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge